Johnson, C. J. This was a proceeding by motion upon a delivery bond. The plaintiffs in error insist that the judgment of the court below is a nullity, inasmuch as they were not notified of the pendency of the motion in the manner contemplated by the statute, and that in the event the motion should be adjudged sufficient, they then contend that it is reversible for the reason that the damages were ascertained by the court without the intervention of a jury. The case of McKnight v. Smith, 5 A. Rep. p. 409, and other cases, decided upon the same principle, have been referred to, and relied upon by the plaintiffs in error. In the case of McKnight v. Smith, the correct practice is said to be, to make the motion for such judgment in writing, setting forth all the material facts constituting the defendant’s liability: and that in so doing, the judgment necessarily affirms their existence. The motion filed in this case, sets out, with great minuteness and particularity, the facts constituting the condition of the delivery bond, and then concludes by averring that the bond was forfeited, and that the execution was returned unsatisfied. It is believed that the motion exhibits every fact necessary to affect the parties with notice, and as such to constitute their liability. This being the case, the court was fully authorized to take jurisdiction of the persons of the plaintiffs, and to investigate the matters in controversy between the parties. But it is contended that although the court had jurisdiction, yet it exercised that jurisdiction erroneously inasmuch as it went on to assess the damages without the intervention of a jury. The 13th day of May, A. D. 1846, was the day fixed for the delivery of the property, and they having failed to deliver it according to the stipulation of the bond, the cause of action then arose. It is provided by the 2d and 3d sections of the act of the 7th of January, A. D. 1843, that “In all cases where any delivery bond has been heretofore taken and forfeited, and no judgment entered therein, the plaintiff may, on motion, and twenty days notice to the obligors in such bond, without any declaration or formal pleading, obtain judgment on such bond, which judgment shall be entered in the same manner as judgments on penal bonds, the court ascertaining the damages: and on any delivery bond the judgment whereon has been or may be recalled, the plaintiff may obtain judgment in like manner, and without notice; and that whenever any delivery bond shall be hereafter forfeited, judgment may be entered thereon, in like manner, without notice, at the first term after the bond is given, but at no subsequent term.” This case clearly falls within the 3d section of that act,'and if so, it is manifest that a jury was not necessary, but that the court was authorized to ascertain the damages. True it is, that this court in the case of McKissick v. Brodie, 1 English, p. 378, decided that a jury must necessarily be called to assess the damages; but in that case it is expressly said the cause of action arose before die passage of tíre act of 1843, and that it must consequently be governed by the law then in force. We are, therefore, of opinion that there is no error in the judgment and proceedings of the Circuit Court, and that the same ought to be affirmed. Judgment affirmed.